IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN K.A. DOE, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 2:22-CV-04561 |
| | : |
| THE UNIVERSITY OF THE ARTS, et al., | : |
| | : |
| Defendants. | : |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW IN LIGHT OF NEW CASE LAW IN FURTHER SUPPORT OF PLAINTIFF JOHN K.A. DOE'S OPPOSITION TO DEFENDANTS THE UNIVERSITY OF THE ARTS AND KATHRYN DONOVAN'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff, Jane K.A. Doe, submits this Supplemental Memorandum of Law In Light of New Case Law In Support of Plaintiff's Opposition to Defendants, The University of the Arts (UArts) and Kathryn Donovan's (Donovan) (collectively "University Defendants" or "Defendants"), Motion to Dismiss Plaintiff's First Amended Complaint.

University Defendants take the position that Plaintiff's federal Title IX claims are time barred under Pennsylvania's two-year statute of limitations. See Memorandum of Law in Support of University Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Defendants' Brief) (Doc. 14) at p. 8. Defendants rely on a line of New Jersey District court cases stemming from *Owens v. Okure*, 488 U.S. 235, 249-50 (1989), in support of their position that Pennsylvania Act 87 of 2019 doesn't apply to the statute of limitations for Plaintiff's Title IX claims. Defendants' Brief (Doc. 14) at p. 10. Defendants position hinges on a New Jersey federal court case, *Gavin v. Bd. of Educ., S. Orange-Maplewood Sch. Dist.*, No. 20-09191, 2021 WL 1050364, at *4 (D.N.J. Mar. 18, 2021), wherein a district judge in New Jersey found that

New Jersey's amended sexual abuse statute of limitations was a specialized statute that would not be applied to federal claims under *Owens*, 448 U.S. 235 (1989). See Defendants Brief (Doc. 14) at p. 10.

At the time the Parties briefed the issue before this court, the Parties were not aware of any Pennsylvania federal court cases that directly addressed this issue. However, the Middle District of Pennsylvania very recently analyzed the same exact issue raised before this court – whether the 2019 amendment to § 5533 has the same tolling effect on the statute of limitations for Title IX claims – in *Doe v. E. Stroudsburg Univ. of Pa.*, No. 3:22-CV-01690, 2023 U.S. Dist. LEXIS 203100 (M.D. Pa. Nov. 13, 2023). The court in *E. Stroudsburg* held that the tolling provisions of § 5533 - Infancy, insanity or imprisonment, does apply to federal Title IX claims.

In *E. Stroudsburg* the defendants moved to dismiss plaintiff's federal claims on the basis that they were time barred because the applicable statute of limitations was Pennsylvania's general two-year statute of limitations for personal injury claims. *Id*., 2023 U.S. Dist. LEXIS 203100, at *7 (M.D. Pa. Nov. 13, 2023). Plaintiff argued that the federal Title IX claims were governed by the general personal injury statute and relevant tolling provisions, which were amended in 2019 and not time barred under the amendments. *Id*., 2023 U.S. Dist. LEXIS 203100, at *8 (M.D. Pa. Nov. 13, 2023). The court in *E. Stroudsburg* considered the same provision of the 2019 amendment that is disputed in this case - § 5533 (b)(2)(i.1), which states:

> If an individual entitled to bring a civil action arising from sexual abuse is at least 18 and less than 24 years of age at the time the cause of action occurs, the individual shall have until attaining 30 years of age to commence an action for damages regardless of whether the individual files a criminal complaint regarding the sexual abuse.

42 Pa. Con. Stat. § 5533(b)(2)(i.1).

The Middle District took into consideration the same exact arguments that the University Defendants make here, including the rationale in *Gavin*, No. 20-09191, 2021 WL 1050364, D.N.J. Mar. 18, 2021.  The Middle District was unpersuaded by the argument that § 5533 was a "specialized statute of limitations" and found that the tolling provisions of § 5533 and the 2019 amendments applied to plaintiff's Title IX claims.  *Doe*, No. 3:22-CV-01690, 2023 U.S. Dist. LEXIS 203100, at *10 (M.D. Pa. Nov. 13, 2023).  The court in *E. Stroudsburg* found ample support in Pennsylvania jurisprudence that § 5533 is treated as a tolling provision and is applicable to federal claims.  The Middle District held:

> [t]he Third Circuit and other federal courts in Pennsylvania treat § 5533 as a tolling provision. *See Lake*, 232 F.3d at 368 (referring to § 5533 as a tolling rule but ultimately choosing not to apply Pennsylvania's no tolling rule for mental incompetence); *Viney*, 51 F. Supp. 3d. at 556 (applying § 5533(b)(2) in a § 1983 case with a minor victim against a school district); *K.E.*, 2017 WL 4347393 at * 4 (relying on *Viney* to apply § 5533(b)(2)); *Chancellor*, 501 F. Supp. 2d. at 556 (holding § 5533(b)(2) may apply to § 1983 but remanding for further factual development); *S.S. v. Woodward Pa., LLC*, No. 4:22-CV-01407, 2023 WL 2539654, at *3 (M.D. Pa. Mar. 16, 2023) (applying § 5533(b)(2)(i) but holding that the facts did not warrant tolling). Accordingly, the court will apply the tolling provision to Doe's claims.

*Doe,* 2023 U.S. Dist. LEXIS 203100, at *9.  This court must follow the same rationale.

Section 5533 is Pennsylvania's tolling provision for infancy, insanity and imprisonment and it has been applied by Pennsylvania courts when analyzing section 1983 claims.  See. *Doe,* 2023 U.S. Dist. LEXIS 203100, at *9 (M.D. Pa. Nov. 13, 2023) citing, *K.E. v. Dover Area Sch. Dist.*, No. 15-cv-1634, 2017 WL 4347393, at *4 (M.D. Pa. Sept. 29, 2017); *Viney v. Jenkintown Sch. Dist.*, 51 F. Supp. 3d 553, 556 (E.D. Pa. 2014); *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d. 695, 712 (E.D. Pa. 2007); see also, 42 Pa. Con. Stat. § 5533.  The 2019 amendment

extended the existing tolling period for individuals entitled to bring a civil action arising from sexual abuse who were under the age of 18 and provided a tolling period for individuals between the ages of 18 and 24 at the time of the sexual abuse. *Id*. § 5533 (b)(2)(i) and § 5533 (b)(2)(i.1). Thus, the 2019 amendments must equally apply to Plaintiff's federal Title IX claims in this matter.

The line of cases relied on by the University Defendants is not instructive in this case because they rely on District Court of New Jersey cases that analyze New Jersey legislation that amended the statute of limitations in sexual abuse cases. Unlike Pennsylvania's 2019 amendments, the New Jersey legislation was not an amendment to New Jersey's tolling provisions. Thereby, the line of New Jersey District court cases is not instructive on the issue currently before this court.

The bill enacting the 2019 amendments went into effect on November 20, 2019, well before the allegation in Plaintiff's complaint. Plaintiff's alleged sexual abuse occurred during the spring semester of 2020 and Plaintiff first reported it to the University on May 13, 2020. Under the tolling provisions put into effect with the 2019 amendments Plaintiff's federal Title IX claims are not time-barred and should be permitted to proceed. Further, it is undisputed that all of Plaintiff's Title IX claims against the Defendants arose as a result of the sexual abuse Plaintiff suffered at the hands of his professor.

Based on the foregoing and Plaintiff's Response in Opposition to Defendants, The University of the Arts and Kathryn Donovan's, Motion to Dismiss, Plaintiff requests that this court deny Defendants' Motion to Dismiss.

                Respectfully submitted,

                **THE JOEL BIEBER FIRM**

                /s/ *Melissa Fry Hague*
                Melissa Fry Hague, Esquire (PA ID 202850)

                                                            Kelly N. Stevenson, Esquire (PA ID 325988)  
                                                            Two Liberty Place  
                                                            50 South 16th Street, Suite 1700  
                                                            Philadelphia, PA 19102  
                                                            (804) 409-3440  
                                                            mhague@joelbieber.com  
                                                            kstevenson@joelbieber.com  

                                                            *Attorneys for Plaintiff John K.A. Doe*

Dated: November 17, 2023

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Plaintiff's Supplemental Memorandum of Law in Light of New Case Law in Further Support of Plaintiff John K.A. Doe's Opposition to Defendants The University of the Arts and Kathryn Donovan's Motion to Dismiss Plaintiff's First Amended Complaint* were served today upon the following counsel of record via the Court's electronic filing system:

James A. Keller, Esquire
Tricia M. Duffy, Esquire
Heather E. Kemp, Esquire
**SAUL EWING LLP**
1500 Market Street, 38th Floor
Philadelphia, PA 19102
215-972-1964
James.keller@saul.com
Tricia.duffy@saul.com
Heather.kemp@saul.com
*Attorneys for Defendant University of the Arts and Defendant Donovan*

Noah S. Cohen, Esquire
**WEIR GREENBLATT PIERCE, LLP**
1339 Chestnut Street, Suite 500
Philadelphia, PA 19109
(215) 241-7766
ncohen@wgpllp.com
*Attorney for Defendant Dunn*

Date:  November 17, 2023          By:     */s/ Melissa Fry Hague*
                                          Melissa Fry Hague, Esquire (PA ID 202850)