IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN K.A. DOE, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| THE UNIVERSITY OF THE ARTS, et al., | : | NO. 22-4561 |
| | : | |
| Defendants. | : | |

Perez, J.                                                                                      September 2, 2025

**MEMORANDUM**

On June 30, 2025, this Court entered an order granting The University of the Arts and Kathryn Donovan's (collectively, "University Defendants") motion to dismiss Plaintiff's pre-assault Title IX claim, negligence claims, and intentional tort claims. The Court denied the motion to the extent it sought dismissal of Plaintiff's post-assault Title IX claim and breach of contract claims. Now, the University Defendants' move for reconsideration of the Court's denial of the motion to dismiss the breach of contract claims. For the breach of contract claim against Defendant Donovan, the University Defendants argue that Plaintiff has failed to establish the existence of a contract between him and Defendant Donovan. For the breach of contract claim against the University, the University Defendants argue the Court improperly added an "immediate" reporting requirement when denying the motion to dismiss. For the reasons that follow, the motion for reconsideration is granted in part and denied in part.[1]

---

[1] A complete recitation of the relevant facts is set forth in the Court's June 30, 2025 memorandum opinion. ECF No. 36.

I. **LEGAL STANDARD**

Motions for reconsideration should be granted where there is "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). "Though 'motions to reconsider empower the court to change course when a mistake has been made, they do not empower litigants . . . to raise their arguments, piece by piece.'" *United States v. Dupree*, 617 F.3d 724, 733 (3d Cir. 2010) (quoting *Solis v. Current Dev. Corp.*, 557 F.3d 772, 780 (7th Cir. 2009)). In that same vein, motions for reconsideration are not proper vehicles for "re-litigat[ing] arguments that the District Court has already rejected." *Baldinger v. Ferri*, 674 F. App'x 204, 206 (3d Cir. 2016).

II. **DISCUSSION**

The University Defendants contend that the Court committed clear error by allowing the contract claims to proceed where (1) Plaintiff has not plausibly pled the existence of a contract between Plaintiff and Defendant Donovan; and (2) the Court improperly added an "immediacy" element to the University's reporting requirements. Upon reconsideration, the Court concludes that it committed a clear error only with respect to the contract claim against Defendant Donovan. The motion for reconsideration is therefore granted as to the claim against Defendant Donovan and denied as to the claim against the University.

"When there has been no direct transaction between the plaintiff and the defendant, it is usually expressed by saying that they are not in 'privity' of contract. Privity of contract exists when there is a connection or relationship which exists between two or more contracting parties." *Zeno v. Ford Motor Co., Inc.*, 490 F. Supp. 2d 825, 841 (W.D. Pa. 2007) (quoting *Travelers Indem. Co. v. Mahiai*, No. CI-03-01518, 2005 WL 4122388, at *45 (Oct. 6, 2005)). Importantly, "privity of

contract is *personal* privy, and is confined to the *persons* of the contracting parties." *Deynzer v. Columbia Gas of Pennsylvania, Inc.,* 875 A.2d 298, 301 (Pa. Super. Ct. 2005) (emphasis in original). In the absence of a direct contractual relationship, the parties are not in privity.

Plaintiff has not sufficiently pled that him and Defendant Donovan are in privity of contract. In its June 30 opinion, this Court cited several cases establishing that institutional documents may create a contract between a university and its students, but Plaintiff has not cited, and this Court has not found, any cases suggesting those same principles extend to university staff and faculty. It is Plaintiff's burden to plausibly state a claim for relief. Without more, the breach of contract claim against Defendant Donovan fails.

As for the claim against the University, the University Defendants' argument in support of reconsideration hinges on the following sentence: "Plaintiff alleges that the University Defendants breached the promises made in these policies by, *inter alia*, failing to take immediate action when Plaintiff reported his sexual assault to Defendant Donovan and by failing to properly handle his Title IX complaint or inform him of his rights." June 30 Opinion at 13. The University Defendants interpret this sentence as adding an "immediate" reporting requirement that is not in the relevant university documents.

First, the sentence does not add an immediate reporting requirement—it sets forth Plaintiff's argument in support of a breach. Second, even removing the word "immediate," the analysis remains the same. Indeed, the sentence explicitly states that the failure to take immediate action was *one of many* allegations Plaintiff argues supports finding a breach of contract. The University Defendants have not demonstrated that reconsideration is appropriate here. Accordingly, the Court reiterates that the breach of contract claim against the University survives dismissal.

### III. CONCLUSION

For the foregoing reasons, the motion for reconsideration is granted as to the breach of contract claim against Defendant Donovan. The motion is denied as to the breach of contract claim against the University. An appropriate order follows.